UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RASON HORTON,

    Plaintiff,

Case No. 16-cv-12715
Hon. Matthew F. Leitman

v.

PAMELA GREENE,

    Defendant.

_____/

**ORDER (1) GRANTING DEFENDANT'S MOTION TO DISMISS (ECF #19), (2) DENYING PLAINTIFF'S MOTIONS FOR LEAVE TO FILE AN AMENDED COMPLAINT (ECF ## 21, 27), AND (3) GRANTING PLAINTIFF LEAVE TO FILE A DIFFERENT AMENDED COMPLAINT**

Plaintiff Rason Horton ("Horton") is an inmate in the custody of the Michigan Department of Corrections (the "MDOC"). In this action, Horton alleges that Defendant Pamela Greene ("Greene"), an employee of a private company that provides food services at MDOC correctional facilities, retaliated against him in violation of the First Amendment. (*See* Compl., ECF #1.) Horton asserts his claims against Greene in both her individual capacity and her official capacity. (*See id.*)

On September 28, 2017, Greene filed a motion to dismiss. (*See* ECF #19.) In that motion, Greene argued that she is entitled to dismissal because (1) Horton failed to properly exhaust his administrative remedies before filing suit, (2) she did not act

1

under color of state law, and (3) Horton has not alleged any custom or policy to support his official capacity claim. (*See id.*)

Horton thereafter filed two motions for leave to file an Amended Complaint adding a substantive due process claim. (*See* ECF ## 21, 27.) Horton also sought to dismiss his claim against Greene in her official capacity. (*See id.*) Horton attached to one of his motions a proposed Amended Complaint. (*See* ECF #27 at Pg. ID 168-73.)

The assigned Magistrate Judge has issued a Report and Recommendation (the "R&R") on all three pending motions – Greene's motion to dismiss and Horton's two motions for leave to file an Amended Complaint. (*See* ECF #31.) The Magistrate Judge recommends that the Court (1) grant Greene's motion to dismiss and (2) deny Horton's motions for leave to file an Amended Complaint. (*See id.*) The Magistrate Judge rests that recommendation solely on his conclusion that Horton failed to properly exhaust his remedies as required by 42 U.S.C. § 1997e(a). (*See id.* at Pg. ID 226.) The Magistrate Judge does not reach the questions of whether Horton sufficiently alleged (1) that Greene acted under color of state law or (2) the existence of a custom or policy sufficient to support his official capacity claim against Greene.

Horton has filed objections to the R&R (ECF #37), and Greene has responded to the objections. (*See* ECF #38.)

The Court has carefully reviewed Horton's Complaint (including its attached exhibits), Greene's motion to dismiss, Horton's proposed Amended Complaint, the R&R, Horton's objections, and Greene's response to the objections. Based on that review, the Court first concludes that Horton's claims should not be dismissed for failure to exhaust based on the pleadings currently before the Court. The Court believes that under the circumstances of the case, Greene's failure-to-exhaust defense is best addressed, if necessary, on a motion for summary judgment after discovery concerning the facts related to the defense.

However, Horton's claims as currently pleaded in the Complaint should be dismissed because Horton has not sufficiently alleged that Horton acted under color of state law. The allegations in the Complaint do not satisfy any of the tests used to determine whether a private actor or entity may be deemed to have acted under color of state law. *See Lansing v. City of Memphis*, 202 F.3d 821, 828–31 (6th Cir. 2000) (setting forth the tests used to determine whether a private actor may be considered to have acted under color of state law). Horton's proposed Amended Complaint suffers from the same deficiency. Accordingly, the Court will dismiss the Complaint and deny Horton leave to file his proposed Amended Complaint.

However, the Court will allow Horton to file a different Amended Complaint in which he may attempt to plead – through specific factual allegations tied to one of the governing legal tests – that Greene acted under color of state law.[1]

Accordingly, **IT IS HEREBY ORDERED** that Greene's motion to dismiss is **GRANTED** and that Horton's motions for leave to amend the Complaint are **DENIED**.

**IT IS FURTHER ORDERED** that Horton may file a new Amended Complaint **by not later than June 25, 2018** and that Greene shall answer or move to dismiss the Amended Complaint **by not later than July 16, 2018**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: April 23, 2018

---

[1] Greene's motion to dismiss the claim against her in her official capacity is moot because Horton stated in his motions for leave to amend that he pleaded his official capacity claim "in error" and that he sought to drop or dismiss that claim. (*See* ECF #21 at Pg. ID 131; ECF #27 at Pg. ID 167.)

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 23, 2018, by electronic means and/or ordinary mail. I served a copy of the foregoing document upon Plaintiff Rason Horton on April 23, 2018 by ordinary mail to the following address:

    Alger Maximum Correctional Facility
    N6141 Industrial Park Drive
    Munising, MI 49862

                                        s/Holly A. Monda
                                        Case Manager
                                        (810) 341-9764