UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RASON HORTON,

    Plaintiff,

v.

PAMELA GREENE,

    Defendant.

Case No. 16-cv-12715
Hon. Matthew F. Leitman

_____/

**<u>OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF #58) TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF #57), (2) ADOPTING THE MAGISTRATE JUDGE'S RECOMMENDED DISPOSITION (ECF #57), (3) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS (ECF #45), AND (4) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF #50)</u>**

    Plaintiff Rason Horton is a state prisoner currently confined at the Carson City Correctional Facility in Carson City, Michigan. Horton, proceeding pro se, brings this action under 42 U.S.C. §1983 against Defendant Pamela Greene, an employee of a private company, Aramark, that contracts with the Saginaw Correctional Facility in Freeland, Michigan, where Horton was previously confined. Horton alleges that Greene retaliated against him in violation of the First Amendment and violated his right to substantive due process under the Fourteenth Amendment when he was confined at the Saginaw Facility. (Am. Compl., ECF #41.)

1

On October 17, 2018, Greene filed a motion to dismiss (Mot., ECF #45), and, on December 18, 2018, Horton filed a motion for summary judgment (ECF #50). Subsequently, on February 27, 2019, the assigned Magistrate Judge issued a Report and Recommendation (the "R & R") in which he recommends that the Court: (1) deny Greene's motion to dismiss as to Horton's First Amendment retaliation claim to the extent that the claimed is based on Horton's oral grievances to Greene's supervisors on August 29, 2014, and September 1, 2014, (2) grant Greene's motion to dismiss in all other respects, and (3) deny Horton's motion for summary judgment. (R & R, ECF #57.)

On March 18, 2019, Horton filed objections to the R & R (the "Objections). (*See* ECF #58.) Greene filed a response to Horton's Objections on April 1, 2019 (the "Response"). (*See* ECF #59.) Greene has not filed any objections of her own to the R & R.

For the reasons stated below, the Court **OVERRULES** the Objections, **ADOPTS** the recommended disposition of the R & R, **GRANTS IN PART AND DENIES IN PART** Greene's motion to dismiss, and **DENIES** Horton's motion for summary judgment.

I

Where a party objects to a portion of a Magistrate Judge's R & R, the Court reviews that portion *de novo*. See Fed. R. Civ. P. 72(b)(3); *Lyons v. Comm'r of Soc.*

*Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of the R & R to which a party has not objected. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## II

Only one aspect of the R & R is relevant to Horton's Objections: the Magistrate Judge's recommendation that the Court deny Horton's motion for summary judgment. (R & R, ECF #57 at Pg. ID 477.) The Magistrate Judge explained the basis for that recommendation as follows:

> Because Horton is the plaintiff in this case, to prevail on his summary judgment motion, he must make a showing "sufficient for the court to hold that no reasonable trier of fact could find other than for him." *Calderone v. U.S.*, 799 F.2d 254, 259 (6th Cir. 1986). In his motion, Horton alleges that Greene issued the misconduct tickets against him because of his grievances, and made several statements to that effect. Though Horton claims to have verification of these statements, Greene denies the allegations. (Doc. #43 at 4–5). As the parties' competing assertions bear directly on an element of Horton's First Amendment retaliation claim, genuine issues of material fact exist. For these reasons, Horton has not overcome the "substantially higher hurdle" he faces as the moving party with the burden of proof, and summary judgment in Horton's favor should be denied. *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002).

(*Id.*)

Horton argues that the Magistrate Judge erred in recommending denial of his summary judgment motion because his Complaint was "supported with extensive

3

evidence" and "Defendant at no stage has submitted any material evidence to contest the evidence against her." (*Id.*) Horton is correct that Greene has not submitted her own evidence. Horton is also correct that Greene's denials in her Answer to the Amended Complaint are not sufficient to create a material fact dispute precluding summary judgment. (*See* R & R, ECF #57 at Pg. ID 477 (citing Answer, ECF #43 at Pg. ID 293-94).)

Nonetheless, the Court agrees with the Magistrate Judge that Horton is not entitled to summary judgment. As the Magistrate Judge noted, where a plaintiff moves for summary judgment on a claim for which he bears the burden of proof at trial, he faces a "significantly higher hurdle." (*Id.* (quoting *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002)).) The Court has carefully reviewed the record and has concluded that the evidence thus far presented by Horton does not clear this high hurdle because, among other things, there are certain inconsistencies in the evidence. In light of those inconsistencies, a reasonable jury assessing the current record could decide against Horton at trial. Accordingly, Horton is not entitled to summary judgment at this point, and the Objections are **OVERRULED**.

## IV

For the reasons stated above, **IT IS HEREBY ORDERED** that:

- Horton's Objections to the R & R (ECF #58) are **OVERRULED**;
- The disposition recommended in the R & R (ECF #57) is **ADOPTED**;

4

- Greene's motion to dismiss (ECF #45) is **DENIED** to the extent it seeks judgment and/or dismissal of Horton's First Amendment retaliation claim based on Horton's oral grievances to Greene's supervisors on August 29, 2014, and September 1, 2014;

- Greene's motion to dismiss (ECF #45) is **GRANTED** in all other respects;

- Horton's motion for summary judgment (ECF #50) is **DENIED**; and

- The only claim remaining in this action is Horton's First Amendment retaliation claim based on Horton's oral grievances to Greene's supervisors on August 29, 2014, and September 1, 2014.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: April 10, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 10, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764